Good morning. I'll call our first case of the morning, United States v. Thornhill. Good morning. May it please the Court. My name is Elisa Long. I'm an assistant federal public defender in the Western District of Pennsylvania, and I represent Teresa Thornhill. I'd like to ask for three minutes in rebuttal. That's granted. Although the words 3553A factors do not appear in subsection G of the supervised release statute, that does not relieve district courts from considering the 3553A factors in imposing sentence. So we should regard 3553A, the top of the section with everything that flows, as really being the overhang that dictates what comes below. I think that's correct, and I also think that makes – Is there any language in any other subsection that would suggest a carve-out from subsection A's requirements? Most particularly, the section we're talking about here, 3583G. I don't think so, Your Honor. In this Court's recent decision in United States v. Clark, where the Court held that subsection H, which is the subsection that follows the mandatory revocation provision of G, this Court held that the 35 – although the words, just like subsection G, 3553A factors do not appear, they do apply in determining whether to impose an additional term of supervised release after revocation. There's really no principled reason why subsection H should require consideration of the 3553A factors in reimposing a term of supervised release, but subsection G should not. Looking at 3553 itself, factors to be considered in imposing a sentence, I guess the question is whether there's been any limitation on the requirement to look at those factors when the sentence is imposed for a reason other than the original sentence. I mean, I know of none, but I assume your research has disclosed none. That there's a limitation on the factors that should be considered? Well, 3553 says factors to be considered in imposing a sentence. Now, whether you say sentence is imposed originally after the commission of crime or a sentence is imposed because someone has violated their probation, you're still sentencing them. So I'm asking whether you know of any limitation that's been posed on the applicability of 3553 general. I do not, and I would say that the solicitor general's position that I wrote about in my 28J letter in United States v. Breland, acknowledging that 3582A, which precedes 3583, the supervised release statute, it talks about, it requires the court consideration. Help me with that, though, because I've read not only your 28J, but portions of the solicitor general's brief in that case, and of course the government has outright said, ignore it. That was their word. What in Breland helps you? What helps us is that if 3552, excuse me, if 3582A applies in supervised release revocation hearings, both in determining whether or not to revoke and in determining the length of imprisonment, 3582A by its terms requires consideration of the 3553A factors. Well, isn't your strongest argument the text and structure of the statute? Regardless of what the solicitor general said, you've got 3553A at the top. In the first words, as Judge Rendell's question suggested, the court shall impose a sentence sufficient but not greater than necessary, and that everything structurally flows from there. I think that is the strongest argument, Your Honor. I was just pointing out additional authority to support. But I also think Chapter 7 of the United States Sentencing Guidelines doesn't say, I mean, one of the 3553A factors is consideration of the sentencing guidelines, including the policy statements. It doesn't make a distinction. It doesn't say district courts need not apply. As a matter of sentencing policy, if 3553A does not guide us here and does not dictate to the sentencing judge what she or he should consider, what cabins the district court's discretion? I mean, other than what the statute says about the maximum sentence. Nothing. I mean, other than the minimum, which is a term of imprisonment, which could be one day, one hour. And the maximum, everything else in between would be fair game. And importantly, this court couldn't really conduct any type of meaningful review of those sentences, including a sentence that perhaps the government would say was too lenient. If Ms. Thornhill had gotten one hour or one day as opposed to three years, the government might be here arguing. But if we adopt the rule that the government is proposing here, which makes these sentences virtually unreviewable and really gives district courts no guiding principles in how to, in the length of imprisonment to impose, I think that's just unprincipled and inconsistent with United States v. Bungar, which is a mandatory and non-mandatory revocation case. This court said the 3553A factors apply. As a practical matter, if we were to say that factors to be considered in imposing a sentence means any time a sentence is imposed, whether it's revocation of supervised release, probation violation, whatever, would we be saying anything revolutionary in terms of what goes on in the courts? Do the courts generally consider 3553A? And I'm talking about the district courts. Gosh, I would love to do something revolutionary just once before I die. It would be revolutionary for the court to hold otherwise. In the district courts, that's what they do. They understand. That's the routine that they follow. That's the procedure that they follow. That's what litigants have come to expect. And to say in this particular situation, and here it's even more difficult because there are mandatory and non-mandatory revocation allegations here. So what the rule would be that for considering the mandatory revocation allegations, you could not consider or don't have to consider the 3553A factors, but for the non-mandatory discretionary ones, the court would still have to consider that. All right, let's assume we don't pursue the revolutionary option. One of my concerns about what happened here is that most of the discussion in the trial court appeared to be defense counsel advocating for a non-incarceration sentence. Right? We did not pursue that. I mean, I think it's clear that mandatory revocation and some term in prison is required. I know you've conceded that point on appeal, but am I interpreting the transcript fairly? I think it wasn't necessarily just a non-incarceration sentence. It was a sentence that took into consideration the fact that she had not done well on supervision, that she needed a different type of environment, and there's ample support in the record that imprisonment for Ms. Thornhill was incredibly destructive. It really caused her to decompensate. Who knew that better than Judge McFerrin? Exactly. And what was the judge supposed to do here? You've got a nine-year history. He knew this case inside and out. He gave her a second chance. He gave her a third chance. This seems to be really almost a teaching lesson in progressive discipline and restraint by a trial judge. So how can you persuade us that this sentence was that he didn't consider something that should have been considered as a procedural matter? We know that there was support in the record for her history and characteristics, and ample support and ample explanation of her history of sexual abuse, her being raped as a child, her parents not believing her, her moving from foster home to foster home, her PTSD that resulted from both the sexual abuse, the physical abuse, and then a marriage that was incredibly violent, two special needs kids. I'm going to not repeat everything in the record, but this was a really tragic case for a very long time. None of which says that Judge McFerrin did not at least implicitly consider the 3553A factors. But the record doesn't show that. He departed upwards without explanation, did he not? That's correct. He varied upwards. He didn't depart. He imposed an above-guideline sentence in two out of the three cases in the top of the guideline range. Right. And those were quite modest variances. You had a top-of-the-guidelines range of nine months, and he went to 12, and then 11 months, and he went to 12, and then the third one he was at the top of the guidelines range. And he imposed them consecutively. I think what trial counsel was asking for was a different type of punishment that would take into consideration who she was and the circumstances as well of the offense. But what more did he have to say, though, in order to satisfy the 3553A factors? I think Judge McFerrin had to acknowledge that he took into consideration in particular the murder of her brother, the murder of her son, the incident. Why does a sentencing judge have to reiterate that which is plainly placed before him in plain English and which he has heard only moments before? I mean, doesn't that place an unnecessary, undue, and really repetitive exercise upon a sentence? I think the Court had to consider ñ I mean, this Court has required that, and that's what 3553A requires. Oh, no, we haven't. No. We've got plenty of case law that says that the judge need not respond to every argument the defendant makes. But for colorable mitigation arguments, the District Court must address them in some way. This was a nine-year history of mitigation in which the judge was an active participant during the entire course of her dozens of violations. First, there's remarkable leniency. Then there's a little bit of leniency. And then finally, after nine years, he brings the hammer down. It seems like a straightforward case. Why isn't it? The only time that the Court really gave any leniency was in her second sentencing. Her first sentence, she was given 21 months, had no prior criminal history, had never been incarcerated before. She was given a 21-month sentence. No, I'm sorry. When I said first sentence, I was referring to the first violation sentence. That was a one-day sentence. She did get one day. One day, then nine months, and now 36 months. That's substantively unreasonable? I believe it is, Your Honor, because procedurally, not considering the arguments that were placed before it, making reference to How do we know he didn't? To get to Judge Smith's point, I have this sort of ongoing concern with this argument that we hear frequently, which is we're to assume that the trial judge didn't consider precisely what was put before the trial judge moments before. Is that what you're inviting us to hold? If the sentencing judge is asleep, you have every right to interpose an objection to that and raise an issue on appeal. But if he or she isn't and has heard these details only moments before, why is it not entirely appropriate for us to presume that the judge has factored in those facts? And that's what they are in our legal argument. I think because here the sentence doesn't make sense in light of those facts in terms of whether or not incarceration was a sentence that was going to promote restitution, avoid unwarranted disparities by being an above-guideline sentence, a sentence that took into consideration the circumstances of the violations here, one of which was self-medicating for her PTSD with marijuana, which has clinical support, and that is also in the record. Now, counsel, at the end of sentencing, you brought it to the attention of the judge that you believe the judge hadn't given meaningful consideration to these records. Did you not? The trial counsel did, yes, Your Honor. The trial counsel did. And what did the judge say in response to that? I don't believe he had a response, Your Honor. I think he said, you've made your record, or something to that effect. All right. But it certainly didn't prompt the judge to say, oh, yes, of course. I mean, the judge believed that he had given full consideration, presumably. I mean, I don't know what was in Judge McBury's mind when he imposed the sentence. I do know that he didn't. I know what was in his mind, based on reading the transcript, that he just heard all the facts that you have recited here. But hearing the facts isn't enough. The court has to articulate on the record how he. Only if we feel that it isn't adequate enough for us to be able to decide, A, whether he considered 3553A factors, and or B, whether we can determine that this is a substantively unreasonable sentence or not. I mean, it's not a rote exercise. It is a practical exercise. But what the district court puts on the record is very important in terms of how this court can look at. We can't. You can, I suppose, presume to a certain extent, but the point of articulating on the record the reasons and how the factors apply here and how they make sense in light of the sentence is the very thing that allows this court to then review that. Without that, to just assume by a record of silence, I think is incorrect and contrary to what this court has said in the past. All right. We'll hear from you on rebuttal. Thank you. May it please the court. My name is Michael Ivory. I'm an assistant U.S. attorney from Pittsburgh. Good morning, Your Honors. Good morning. Mr. Ivory, do you really think we should ignore what the Solicitor General of the United States said? I would never presume to do that, which is why I said that. That was the word, ignore. Ignore. I don't think it has any bearing on the case, which is why I said that. That's different. Yes. I would never presume to ignore the Solicitor General. I think what we have in this case is what the district court did exactly what this court suggested in Doe and in Brown, which is there is no explicit requirement within mandatory revocation to consider the 3553A factors. Well, only if you don't read the statute structurally. That's right. As my earlier question suggests. The 3553A is a starting point and that it drives what happens below in the other subsections. What's wrong with that argument as a matter of textual interpretation? I think if you look at 3583G, it's self-standing and self-executing. There are two types of revocation within the federal system. Discretionary revocation, which requires, explicitly requires a limited consideration of the 3553A factors. There is no such requirement under subsection G, which is mandatory revocation upon the occurrence of four different factual events. I read the statute differently. I read 3583E as saying, if you're going to decide exactly what to do, i.e. terminate, extend, revoke, or order the defendant to remain, 1, 2, 3, 4, you look at these 3553A factors. To my mind, that says nothing about sentencing. It talks specifically about a decision as to whether you're going to terminate the term, whether you're going to extend, whether you're going to revoke, and whether you're going to order to remain in its place. You put in 3553A factors, which wouldn't otherwise exist because they're sentencing factors. 3553G, or 3583G, just says, oh, but by the way, if you have a drug situation, you don't go through that drill. You have to do three. None of this says anything about how you determine what sentence is imposed. Don't you think? And 3553 does. There are actually a couple of considerations in determining what a sentence would be under mandatory revocation. First of all, it cannot exceed the statutory maximum set forth in subsection E. Fine. That's fine. But that has nothing to do with the exercise of discretion, which is what 3553 is all about, isn't it? Isn't 3553 all about how a court exercises discretion? Within certain parameters. Within certain parameters, but there are mandatory. And we have a parameter here. But we are dealing with mandatory situations. For example, whenever the court is required to impose conditions of supervised release in the first instance, there are four or five mandatory requirements set forth in subsection D. The court shall order that an offendant not commit another crime. The court shall order that sex offenders have to be registered. The court shall order that drug testing is mandatory. Then when you deal with the discretionary aspects of supervised release, only then under subsection D do you get to analyze the 3553A factors. But how do you determine once you impose the mandatory revocation what the sentence is? Because the mandatory revocation says you revoke and require to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in the term. And there is called the exercise of discretion. The minute you say you have to serve a term not greater than, 3553 comes into play. Does it not? I don't think so. And because under this court's precedence, this court has stated that the chief remedy in sentencing for a violation of supervised release is the breach of trust that the defendant breaks when he or she violates the conditions of supervised release. That obviously guides the sentencing court's determination as to what length of sentence should be involved. Isn't the breach of trust what really goes to the requirement of revocation and the requirement of incarceration? That's correct. So, again, how does that implicate discretion within whatever parameters of a possible sentence here you can have? I mean, I just don't see how the breach of trust may become a factor, but it certainly shouldn't be a determinant. I think it is a primary factor. This court has said as much in Bungar. Which is simply to say that it's a, I say a factor, you say a primary factor, but it's still one that is going to be determined in the exercise of the sentencing court's discretion. That's correct. If 3553A does not apply, I ask you a similar question to what I asked Ms. Long, and that is what here in the statutory framework cabins the district court's discretion? Well, other than the outer limit that you prefer. Well, there are obviously due process considerations. I mean, the sentence cannot be based upon a factually unsupported conclusion by the court. It would be pretty hard to charge up that constitutional hill when you are confined to a certain maximum there under the statute. I mean, I'm not asking you about a constitutional challenge. I'm asking you about simple day-to-day exercise of a judge's discretion. Clearly, there is nothing that prohibits a court within mandatory revocation from consulting or even analyzing or applying certain 3553A factors. And that's what our case law says so far. I mean, you would acknowledge we have not held that 3553A does not dictate. We have not held that. No court has held that 3553A is a mandatory requirement, that that consideration is required within mandatory revocation. Do we have a problem here in light of the Supreme Court's recent statement in Tapia that the court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation? Do we have a problem here in that the court seemed really influenced by the fact that whatever programs she was in to date just haven't worked? And it wasn't the seriousness of what she did, but it was we've got to put her away and see if we can't do something about this. Judge McVeary gave five or six reasons on the record as to why he imposed the sentence that he did. The first was to provide Ms. Thornhill with structure, which we all agree that she needs. I don't see a rehabilitation here. Well, the second was her recidivism. You know, in this case, the petition alleged, I think, 30 distinct or separate violations of the terms and conditions of supervised release. That's if you take every drug count, every failed drug test as a single violation, her failure to appear, failure to make restitution, the benchmark that was issued as well as the failure to make restitution. There was a history of noncompliance that the judge cited to. Her unwillingness or her inability to stay drug free. See, I'm seeing a lot of rehabilitation and programs, and I'm not seeing anything having to do with reflecting the seriousness, afford deterrence, protect the public, things of that nature that are in 3553. The court did not specifically mention protection of the public, but I think in imposing a sentence of three years, clearly the longer someone like Ms. Thornhill is incarcerated, the public is protected because she can't be out committing crimes against them. Well, and in fact, Judge McBury said in response to her comment about concern that she had disrespected the court, he says in reply to that that he doesn't think she's done that, but that she's been there time and time again. And then he says, although you have personal issues, I recognize those. To be honest, you've been a very, very difficult person to deal with whenever you're not in a controlled environment. And I don't know whether you're difficult to deal with when you're in a controlled environment, but I've had nine years of experience with you, and it's been time after time after time. Should we read that as a suggestion that she needs rehabilitation or simply that she needs structure in the form of being away from the public? I'd opt with the latter proposition. Funny, I thought that would be it. He doesn't say anything about rehabilitation. No, he does not. He does not. Has he ever used the word in the transcript about rehabilitation? I didn't see that, but again, the transcript is what the transcript is. He also said that she was unmanageable within a free society. So I think clearly if you have someone who's unmanageable, standing in contradiction to a free society or a civil society, clearly that is taking societal needs, the needs to protect society, into account in imposing the sentence. Mr. Ivory, did Judge McVery impose a sentence on Ms. Thornhill? I believe so. And what's the title of 18 U.S.C. 3553? Supervised release, Your Honor. 3553A? What's the title of U.S.C. 3553? Factors to be considered in an imposing sentence. Imposition of sentence. Imposition of a sentence. What in 3553 or in any other statute in Title 18 or in any case decided by the Supreme Court or Federal Court of Appeals tells us that the 3553 factors do not apply when a sentence, which you just acknowledged was imposed, is in fact imposed? I think that you do have to look at the structure of the supervised release statute. You're dealing with supervised release here, which is different. So there's no text to support your argument? It's strictly a structural argument? Because I've been looking for a text somewhere to tell me that 3553 does not apply in every single federal sentence imposed as it seems to indicate directly, and I can't find any. Then how do we resolve the fact that 3583E specifically directs a revocation court to consider the 3553A factors, but 3583G does not? Because the drafters just didn't think it was necessary. Well, we run up against the statutory construction of express mention implied exclusion, which is if you're dealing with the same statute, if one portion references a specific factor and another section does not, then Congress purposely omitted that from consideration within the section where it's not mentioned. But again, I point out to you that the way that statute reads, it's inserting 3553A factors in a non-sentencing decisional framework where the judge has to decide what to do. Normally you wouldn't use 3553A because it's only sentencing. But when you're deciding are you going to terminate, are you going to extend, are you going to revoke, are you going to order, it imports those factors, but not as sentencing factors, but as factors to consider in deciding which option. I'm not taking the position, Your Honor, that it is forbidden for a sentencing court within a revocation proceeding that they are automatically... Well, that's easy. We're challenging you on why it's not required. Exactly. And I'm wondering why the government's fighting this so hard as a practical matter. I mean, I understand you're arguing to uphold this sentence. There's plenty in the transcript that would seem to suggest that that's appropriate. But why not want us to have a more disciplined record to review so that we can uphold sentences with greater confidence? And review them. Again, my argument was in response to the one that was advanced, which is that, oh, we have a begin situation because there was no consideration of 3553A factors. Ergo, we have automatic reversal because there's procedural error. My position clearly is that while there's no explicit requirement, the court is not forbidden from ever considering 3553A factors. We know that. We know that. But the reviewability of a sentence is kind of basic, whether it's imposed from supervised release or whatever. And if this requirement isn't there, how do we review? Well, Tomko's still with control because it is with no sentencing court imposed the same sentence for the reasons stated by the district court. So, for example, in this case, if Judge McBury just came out and said, oh, you're going away for three years, see you, bye. I mean, clearly that can't be reviewed because there's no reason stated. This court is still required to look at the reasons given for the sentence by the sentencing court or by the district court in this case. So, you know, that still would guide this court's analysis, I believe. Thank you, Your Honors. All right. Thank you. Ms. Long. I just wanted to revisit briefly the comments that were made by Judge McBury in support of his sentence. He said that Ms. Thornhill was unmanageable in a free society. He also acknowledged that he didn't know whether she was, in fact, manageable in a prison environment or a prison society. And does he have to know that with certitude for having the right to send her into incarceration? Well, if he's sending her for purposes of providing a controlled environment or an environment in which she can be controlled, he candidly acknowledges he doesn't know. But clearly we are to infer that he thought there was a greater likelihood that she'd be managed successfully in a prison than she was on supervised release. You know, she put her bracelet on her 10-year-old son. That's not working too well, right? But he wasn't sentencing her for that purpose at this point. He had already sentenced Ms. Thornhill nine months for doing that, and that was at an earlier revocation hearing for a purpose. He was sentencing her for purposes of here and now, this particular violation, what occurred when she came out. And just making that comment while acknowledging that he didn't know whether prison was going to be something that was going to be beneficial, whether she was going to be controlled, all the things that he said he wanted, I think by acknowledging that he didn't know, it undermines the reason for the sentence, the above-guideline sentence, and running those sentences consecutive to one another, whereas in the past they had been run concurrent. You make a fair point that it's unknowable, and the judge admitted that. But what is knowable is that when she's incarcerated for these three years, she's not going to be tithing checks, she's not going to be smoking marijuana. All the problems that she had over that nine-year period, she won't be doing for the next 36 months. We do know that. I mean, we could infer that she's not going to commit bank fraud while she's in custody. Maybe she could, but that's – I mean, we could certainly infer that that was perhaps the reason, but the court never stated that, never said, I'm going to – But the court has to say that? That's one of the challenges here with these sentences is it becomes almost a reductio ad absurdum. If the court has to say everything, the sentencing never ends. Well, in United States v. Clark, this Court's most recent supervised release case, the Court found that what Judge Block put on the record was inadequate, was not enough for this Court to meaningfully review the reason for his sentence. In Clark, the judge at least acknowledged that there were 3553A factors that he had taken into account, and I think he only expanded on one of them, which was the history and characteristics. And this Court found that it was inadequate, that it couldn't review what Judge Block was thinking and why Judge Block – how Judge Block took those factors into consideration. And I would submit that this Court, what Judge McVeary did here, was really even less than what Judge Block did in United States v. Clark. And pulling comments that Judge McVeary made throughout the supervised release hearing and suggesting that those comments supported his sentence I think just doesn't – it's not adequate. It's not what this Court has required in the past, and it would be a departure from the Court's prior cases holding that the Court has to show consideration and meaningful consideration of the factors. Thank you. Thank you very much.